Hamilton County Common Pleas Court.

JOHN H. BROWN, v. THE VILLAGE OF MILFORD et al.

---

(1.) In the absence of testimony in support of an allegation that in the passage of an ordinance certain intermediate steps prescribed by statute were not taken, it will be presumed that such steps were taken.

(2.) Where the police fund is neither a municipal fund, nor derived from a levy on the general tax list of the municipality, but is created by proceeds from the Dow liquor tax, its expenditure is not controlled by the provisions of the Burns law (section 2202, R. S.).

(3.) Where one is nominated for appointment as a policeman by a member of council at the request of the mayor, who is present and concurs in the election, the appointment is not rendered invalid by the provisions of section 2023, vesting such appointment in the mayor.

(4.) The failure of a policeman to give bond does not *ipso facto* work a forfeiture of the office, nor deprive him of the right to compensation; but a court will enjoin his continuing in office without giving bond.

---

SPIEGEL, J.

The plaintiff in this case is a tax-payer, who, upon refusal of the village solicitor to do so, filed his suit against the village of Milford, praying for a restraining order to enjoin said village and its proper officers from drawing an order for salary in favor of Gus. A. Worz, a policeman, and to enjoin said policeman from acting in that capacity. The reasons alleged are, that the ordinance providing for his appointment, passed January 4, 1878, is void, because no publication or posting of the same was made according to law; second, because said ordinance vests the appointment of a policeman in the mayor, and that council, and not he, appointed; third, because the clerk of the village did not first certify that the money required to pay said Gus. A. Worz was in the treasury to the credit of the fund from which said services were to be paid, unappropriated for any other purpose; and, finally, because said Gus. A. Worz has not given a bond as policeman.

To this petition the village solicitor filed an answer, denying the illegality of the appointment, and the case went to trial upon the facts. No testimony was introduced showing whether the ordinance of 1878 was published or posted; in the absence of such testimony, therefore, it will be presumed that all the intermediate steps necessary to the validity of the ordinance were taken in accordance with law.

The next question to be determined is whether section 2702 of the Revised Statutes applies in the case at bar. This section provides that no ordinance for the expenditure of money shall be passed by the council, unless the clerk of the village shall first certify that the money to pay the expenditure is in the treasury

to the credit of the fund from which it is to be drawn, and not appropriated for any other purpose, which certificate shall be filed and immediately recorded; and all ordinances passed contrary to the provisions of this section shall be void. This section is known as the Burns law, and it is admitted by the defendant that the same was not complied with, because the said law does not control in this case, the misapplication sought to be enjoined not being that of the funds of the municipality. The evidence shows that the entire police fund of the village of Milford is not derived from the taxation of its citizens, but from the amount collected under the provisions of the Dow tax, which provide (section 4374-17) that three-tenths of the amount collected as Dow tax in any municipal corporation shall be paid into its treasury— one-half to the credit of the police fund and one-half to the credit of its general fund. Is the claim of the defendant well founded? Upon the authority of Yaple v. Morgan, 20 C. C. R., 406, affirmed by our supreme court, 25 W. L .B., 336, the answer must be in the affirmative. It is true that the defendants in that case were police commissioners, appointed by the govenor of the state, and thus by appointment state officials. But this fact, while it tended to emphasize that the police power is a branch of the state government, and not a local municipal function, was not decisive of the question at bar. That case determined that the fund set apart for the maintenance of the police force is not a city fund, but is the police fund of the state for the territory of Cincinnati, not because the officials were appointed by the governor instead of the mayor, but because, as the court says on page 411, "had the act vested the police power in the city of Cincinnati, the corporation for that purpose would represent the state." It is true that section 2023 vests the appointment of policemen in villages in the mayor, with the consent of the council; but this declaration · of power does not change its nature as a state power. The same rule has been applied by our Circuit Court to the Cincinnati Board of Elections (18 O. C. C. R., 286), and in Comstock v. Nelsonville, 43 W. L. B., 71, the Suppreme Court lays down the rule, that section 2702 only applies to municipal funds raised, or to be raised, by a levy on the general tax list of the municipality. The police fund of the village of Milford is neither a municipal fund, nor derived from the levy on the general tax list of the municipality, and its expenditure is,

therefore, not controlled by section 2702 of the Revised Statutes.

The attention of the court is called to the fact that Mr. Worz was not appointed by the mayor, but by council, contrary to the provisions of section 2023, vesting such appointment in the mayor, subject to the consent of the council. The testimony, however, shows that upon the date of the appointment the mayor was not only present in council and concurred in the selection and confirmation of Mr. Worz, but that at the request of the mayor one of the councilmen named Mr. Worz for the position. This certainly cured the irregularity complained of.

I come now to the final question in this cause. It is admitted that Mr. Worz has not given bond as a policeman. Section 2024, Revised Statutes, provides that night watchmen and police shall, before entering upon their duties, give bond to the satisfaction of the mayor.

This section, while mandatory, does not *ipso facto* work a forfeiture of the office, but is a ground therefor, to be exercised by council.

In the case at bar, council did not see fit to exercise this power, but permitted Mr. Worz to act as policeman, thus constituting him a *de facto* officer, entitled to compensation while performing the duties of his office. The restraining order, heretofore, issued in this cause, will, therefore, be modified to the extent stated above, namely, ordering the proper officials to draw a voucher in payment of his services rendered as a *de facto* officer, but unless he gives a bond in accordance with law within a reasonable time, said Gus. A. Worz will be perpetually restrained from acting as a policeman under said ordinance. A judgment may be entered in accordance with the finding.

D. W. Murphy for plaintiff; W. R. Medaris for the village.